UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| VICTOR DUNN, et al., | Case No.: 2:11-cv-00560-RLH-PAL |
| Plaintiffs, | **O R D E R** |
| vs. | (Motion to Remand–#18) |
| ENDOSCOPY CENTER OF SOUTHERN NEVADA, et al., | |
| Defendants. | |

Before the Court is Plaintiffs' **Motion to Remand** (#18, filed May 13, 2011) based on a lack of jurisdiction. The Court has also considered Defendants' Oppositions (##29, 30, filed May 31, and June 6), and Plaintiffs' Replies (##32, 70, filed June 6, and June 10).

**BACKGROUND**

This consolidated action arises out of the alleged misuse of syringes and Propofol vials at the Endoscopy Center of Southern Nevada and at Desert Shadow Endoscopy Center (collectively, the "Endoscopy Centers"). In December 2007, the Southern Nevada Health District (the "Health District") received several independent reports of Hepatitis C infections from physicians and hospitals. The Health District investigated the situation and eventually determined

/

1

1  that the infected patients had been treated at the Endoscopy Centers.  The Health District contacted
2  the federal Center for Disease Control ("CDC"), which sent assistance for further investigation.
3        During the joint investigation, investigators observed Certified Registered Nurse
4  Anesthetists reusing syringes on a single patient to draw anesthesia form a vial of Propofal and
5  then reusing the vial of Propofol on a subsequent patient.  The Health District reported:

> The reuse of single-use vials of Propofol for multiple patients was identified through clinic documents, and was documented to have occurred on the days of known transmission.  It was also observed at the time of investigation in January 2008, and was reported by staff members as a common practice of the client.  The reuse of syringes to access vials of Propofol was observed by investigators in January of 2008, and was described by staff members as a common practice of the client at the time of the identified disease transmission.

(Dkt. #18, Ex. 1, Southern Nevada Health District Report, 51.)  The Health District also stated that unsafe injection practices have been the cause of infections in hundreds of other disease outbreaks around the world since 1992.  (*Id.*)  The Health District, based on its investigation, sent out notices to patients who had undergone procedures at the Endoscopy Centers between March 2004 and January 2008, that they should be tested for Hepatitis B, Hepatitis C, and HIV.

      These events have led to multiple lawsuits, some of which have been consolidated to form this case.  This case was brought as 88 separate suits in Nevada State Court on behalf of 3,630 different Plaintiffs who did not contract a disease from the Endoscopy Centers.  These Plaintiffs allege various causes of action based on exposure to blood borne diseases at the Endoscopy Centers and products liability related claims against the Propofol manufacturers and distributors.  Almost two years after filing their complaints in state court, Plaintiffs moved to consolidate all 88 cases for trial under the basis that the various suits were all based on the same facts.  The State Court granted the motion and consolidated cases for trial.  Once the cases were consolidated, Defendants removed the case to this Court asserting jurisdiction under the Class Action Fairness Act ("CAFA"), specifically claiming "mass action" jurisdiction under 28 U.S.C. §

/

AO 72
(Rev. 8/82)

1332(d)(11)(B)(i). Now before the Court is Plaintiffs' motion to remand for lack of jurisdiction. For the reasons discussed below, the Court denies Plaintiffs' motion.

## DISCUSSION

Plaintiffs claim that the Court lacks jurisdiction under CAFA for three reasons: (1) the Plaintiffs' claims arise from a single event or occurrence which excepts this matter from the definition of a "mass action"; (2) the "local controversy exception" applies; and (3) Defendants have not shown that the amount in controversy requirements are met. The Court disagrees with each of Plaintiffs' arguments and will address them in turn.

**I.     Analysis**

Federal district courts have subject matter jurisdiction over a "mass action" originally brought in state court if: (1) the action involves monetary claims of 100 or more persons; (2) the claims are proposed to be tried jointly on the ground that plaintiffs' claims involve common questions of law or fact; (3) at least one plaintiff seeks recovery in excess of $75,000; (4) the aggregate amount in controversy exceeds $5 million; and (5) any plaintiff is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2); *Serran v. 180 Connect, Inc.*, 478 F.3d 1018, 1020-21 (9th Cir. 2007). The proponents of federal jurisdiction bear the burden of establishing a "prima facie case of removal jurisdiction." *Serrano*, 478 F.3d at 1021. However, the burden of establishing an exception to subject matter jurisdiction under the CAFA lies with the party seeking remand. *Id.* at 102.

**A.     Event or Occurrence**

Plaintiffs first argue that the Court lacks subject matter jurisdiction because this action is not a "mass action" as defined by 28 U.S.C. § 1332(d)(11)(B)(ii)(I). That statute states:

> (ii) As used in subparagraph (A), the term "mass action" shall not include any civil action in which–
> (I) all of the claims in the action arise from an event or occurrence in the State in which the action was filed, and that allegedly resulted in injuries in that State or in States contiguous to that State.

3

28 U.S.C. § 1332(d)(11)(B)(ii)(I). Specifically, Plaintiffs argue that this action arises out of a single event or occurrence in Nevada, thus excluding it from the definition of a "mass action.". This is simply not so.

Federal district courts interpreting this provision "have consistently construed the 'event or occurrence' language to apply only in cases involving a single event or occurrence, such as an environmental accident, that gives rise to the claims of all plaintiffs." *Lafalier v. Cinnabar Serv. Co., Inc.*, No. 10-cv-0005, 2010 WL 1486900, at *4 (N.D. Okla. Apr. 13, 2010); *see also Galstaldi v. Sunvest Cmtys USA, LLC*, 256 F.R.D. 673, 676 (S.D. Fla. 2009). However, the Court need not rest its opinion on the decisions of other district courts. The plain language of the statute, which obviously controls, says "an event or occurrence" not "events or occurrences." The use of the singular in the statutory language is important and sufficient. Nevertheless, the Court's decision is further supported by CAFA's legislative history. Congress expressly contemplated that "this [event or occurrence] exception would not apply to a product liability" case because "[t]he sale of a product to different people does not qualify as an event." S. Rep. No. 109-14, at 47, *reprinted in* 2005 U.S.C.C.A.N. 3, 44. Rather, this exception is supposed to apply to a "truly local single event" like "environmental torts such as a chemical spill." *Id.*

While Plaintiffs try to analogize this case to an environmental tort like a chemical spill, it simply isn't. Though the Court does not necessarily endorse a blanket exception for products liability cases, this products liability case does not involve a single event or occurrence, but alleged conduct occurring over a period of multiple years. Such allegations simply cannot be construed to be a single event or occurrence. This is doubly true as the allegations are based both on the various injections and the entirely separate design of the Propofol vials. Thus, Plaintiffs' arguments fail and the Court declines to remand the case on this faulty basis.

**B.    The Local Controversy Exception**

Plaintiffs also argue that the Court must remand this case because the "Local Controversy Exception" to CAFA jurisdiction applies. To establish the applicability of the Local

Controversy Exception, the party seeking remand must establish, by a preponderance of the evidence, each of the Local Controversy Exception's four conjunctive parts. *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1024 (9th Cir. 2007). One of these requirements is that "during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons." 28 U.S.C. § 1332(d)(4)(A)(ii). The Local Controversy Exception does not apply in this case because another class action was filed within the preceding three years, specifically, *Rader v. Teva Parenteral Medicine, Inc.*, 2:10-cv-00818-JCM-LRL also pending in this district.

Plaintiffs did not contend in their motion that there was no other class action "asserting the same or similar facts," instead, they contend that there was no class action "of which Plaintiffs are members and that asserts claims for the same or similar damages." (Dkt. 18, Mot. 13:8-10.) Plaintiffs' assertion misses the mark.  For *Rader* to make the Local Controversy Exception inapplicable in this case, it must: (1) have been brought within three years preceding this case; (2) assert the same or similar factual allegations as asserted here; (3) be brought against any of the defendants in this action; and (4) be brought on behalf of the Plaintiffs in this action or other persons. 28 U.S.C. § 1332(d)(4)(A)(ii). *Rader* meets all of these requirements. First, this action became a mass action on March 14, 2011 and *Rader* was filed in February 2010, well within the three year period. Second, *Rader* is based on the same underlying facts (improper injection practices at the Endoscopy Centers and creation and distribution of a defective product).[1] Third, the defendants in *Rader* are some of the Defendants in this case (more specifically, the products Defendants). And fourth, Plaintiffs in this case are members of the proposed *Rader* class. Thus,

---

[1] Plaintiffs' only argument that the Local Controversy Exception does apply is that this case asserts additional claims and seeks different damages than *Rader*. However, this is irrelevant. The Local Controversy Exception does not require the same or similar claims or the same or similar requests for damages. It requires only the assertion of the same or similar facts. Even though this case asserts additional causes of action (the claims against the medical providers) and claims by additional parties (the spouses of Endoscopy Center patients) it doesn't change what the underlying facts of the two cases are. In sum, *Rader* is a subset of the claims and parties here, but based on the exact same events and, therefore, the same facts giving rise to this action.

5

1   Plaintiffs have not meet their burden of showing that the Local Controversy Exception applies and
2   the Court cannot remand on this ground.

3         **C.**      **The Amount in Controversy Requirement**

4         Lastly, Plaintiffs argue that Defendants have not met their burden to establish a
5   sufficient amount in controversy.  CAFA requires a minimum aggregate amount in controversy of
6   $5 million and that at least one Plaintiff's claim must exceed $75,000 (the general diversity
7   jurisdiction minimum).  *Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676 (9th Cir. 2006).[2]
8   Plaintiffs do not contend that the jurisdictional minimums are not met, merely that Defendants
9   have failed to establish that they are met.  Nor do Plaintiffs even attempt in the alternative to meet
10  their own burden of proof by showing to a legal certainty that Plaintiffs cannot obtain the
11  jurisdictional amounts assuming the Court were to determine that Defendants met their initial
12  burden.  Here, Defendants have sufficiently shown in both their Notice of Removal (Dkt. #1) and
13  in their response to the motion that the amount in controversy requirement is met.

14        "[I]f the complaint alleges damages in *excess* of the federal amount in controversy
15  requirement, the amount in controversy requirement is presumptively satisfied unless 'it appears to
16  a 'legal certainty' that the claim is actually for less than the jurisdictional minimum.'" *Lowdermilk*
17  *v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007) (quoting *Abrego Abrego*, 443 F.3d at
18  683 n.8).  But where the complaint does not "plead a specific amount of damages, the defendant
19  seeking removal 'must prove by a preponderance of the evidence that the amount in controversy

---

[2] The *Abrego Abrego* court refused to reach the question of whether each of the plaintiffs' claims would need to exceed $75,000, but did determine that at least one plaintiff's claim would need to exceed CAFA's $75,000 jurisdictional minimum. 443 F.3d at 689. Unfortunately, the Ninth Circuit has not otherwise addressed this issue, but the Eleventh Circuit has, *Lowery v. Ala. Power Co.*, 483 F.3d 1184 (11th Cir. 2007), and the Court finds the Eleventh Circuit's analysis persuasive. The *Lowery* court determined that if each of the 100 plaintiffs necessary for CAFA jurisdiction needed to claim damages in excess of $75,000, the "$5 million aggregate amount in controversy threshold would be rendered mere surplusage" since a requirement exceeding $75,000 for each of 100 plaintiffs would create a practical aggregate requirement exceeding $7.5 million. *Id.* at 1204-05. Therefore, "it seems clear that the $75,000 provision was not intended to bar district courts from asserting jurisdiction over the entire case if each individual plaintiff's claims do not exceed $75,000." *Id.*  Also, Plaintiffs do not argue this issue in their motion, and thereby waive it.

1  requirement has been met.'" *Id.* (quoting *Abrego Abrego*, 443 F.3d at 683.)  This burden may be
2  proven with extrinsic evidence.  *See id.*

3  Here, Plaintiffs' complaint (the Court refers to the *Dunn* complaint, though the
4  complaints in each of the 88 cases are nearly identical) asserts damages in excess of $10,000 (the
5  Nevada pleading standard) for each of 13 claims and punitive damages in excess of $10,000 from
6  each of the seven remaining defendants in the lead *Dunn* case.  Adding together these requests, the
7  complaint simply requests more than $75,000 in damages for *at least* one Plaintiff (and likely each
8  Plaintiff).  Further, considering that there are 3,630 total Plaintiffs, each individual Plaintiff need
9  only request $1,378 to meet the $5 million total amount requirement.  However, each Plaintiff
10 requests in excess of $50,000 from the face of the complaint.  This is because the complaint asserts
11 exemption from mandatory arbitration.  This exemption requires that the "probable jury award"
12 exceed "$50,000 per plaintiff."  Nevada Arbitration Rule 3(a).  Thus, the Court may presume that
13 each Plaintiff seeks more than $50,000, far more than necessary to reach the $5 million aggregate
14 amount requirement. Thus, Defendants have met their prima facie burden without the Court even
15 addressing their other explanations and arguments.

16 Notwithstanding Defendants multiple, well-founded arguments for why the
17 jurisdictional requirements are met, Plaintiffs' reply only addresses one side-argument.  Rebutting
18 this single, unnecessary side-argument is in no way sufficient to carry Plaintiffs' burden to show to
19 a legal certainty that the amount in controversy has not been satisfied.  As Plaintiffs have not met
20 their burden, the amount in controversy requirement is satisfied and the Court is left with no
21 reason to remand this mass action to State Court.  Accordingly, the Court denies the motion.
22 /
23 /
24 /
25 /
26 /

7

**CONCLUSION**

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Plaintiffs' Motion to Remand (#18) is DENIED.

Dated: November 7, 2011.

_____
**ROGER L. HUNT**
**United States District Judge**