ROBERT T. EGLET, ESQ.
Nevada Bar No. 3402
ROBERT M. ADAMS, ESQ.
Nevada Bar No. 6551
ARTEMUS W. HAM, ESQ.
Nevada Bar No. 7001
G. ASA GINAPP, ESQ.
Nevada Bar No. 8467
**EGLET WALL**
400 South Fourth Street, Suite 600
Las Vegas, NV 89101
(702) 450-5400
*Attorneys for Non-Infected Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| VICTOR DUNN, et al., | Case No.: 2:11-CV-00560-RLH-PAL |
|---|---|
| Plaintiffs. | |
| vs. | **MOTION FOR AN EXTENSION OF TIME PURSUANT TO FRCP 6(b)(1) AND LR 6-1 TO FILE OPPOSITIONS ON ORDER SHORTENING TIME** |
| ENDOSCOPY CENTER OF SOUTHERN NEVADA, et al. | |
| | (First Request) |
| Defendants. | |

Plaintiffs, in the VICTOR DUNN consolidated matter, by and through their attorneys of record, ROBERT T. EGLET, ESQ., ROBERT M. ADAMS, ESQ., ARTEMUS W. HAM, ESQ., and G. ASA GINAPP, ESQ., of the law firm EGLET WALL, submit their Motion for an Extension of Time Pursuant to FRCP 6(b)(1) and LR 6-1 to File Oppositions to Defendants' Motion for Judgment on the Pleadings on Grounds of Federal Preemption and Defendants' Motion for Judgment on the Pleadings or in the Alternative, for Summary Judgment on State Law Grounds on the bases that Plaintiffs respectfully suggest that the gravity and complexity of the issues raised by the Defendants' motion deserve the kind of thorough evaluation and

preparation that can only accomplished by extending the deadline for Plaintiffs' Oppositions. Justice requires the extension of Plaintiffs' Opposition deadline because approximately 3,600 Plaintiffs' claims against the Product Defendants are at stake in these two motions and the Defendants' Motions at issue address the most complicated points of each of Plaintiffs' causes of action, including impossibility preemption under *PLIVA v. Mensing*, 131 S. CT. 2567 (2011).

This Motion is based upon the following Memorandum of Points and Authorities, the papers and pleadings on file herein, and any oral argument the Court is willing to entertain at a hearing in this matter.

DATED this _____ day of February, 2012.

EGLET WALL, LLP

_____
ROBERT T. EGLET, ESQ.
Nevada Bar No. 3402
ROBERT M. ADAMS, ESQ.
Nevada Bar No. 6551
ARTEMUS W. HAM, ESQ.
Nevada Bar No. 7001
G. ASA GINAPP, ESQ.
Nevada Bar No. 8467
**EGLET WALL**
400 South Fourth Street, Suite 600
Las Vegas, NV 89101
(702) 450-5400
*Attorneys for Non-Infected Plaintiffs*

2

### AFFIDAVIT OF G. ASA GINAPP, ESQ. IN SUPPORT OF ORDER SHORTENING TIME PURSUANT TO LR 6-1

STATE OF NEVADA      )
                     ) s.s.
COUNTY OF CLARK      )

G. ASA GINAPP, ESQ., being first duly sworn, under oath, deposes and says that:

1. Affiant is duly licensed to practice law in the State of Nevada and is an attorney with the firm of Eglet Wall, counsel for Plaintiffs in this matter and all statements made herein are based on personal knowledge, unless expressly made upon information and belief;

2. Defendants Sicor Inc., Teva Parenteral Medicines, Inc., formerly known as Sicor Pharmaceuticals, Inc., Baxter Healthcare Corp., and McKesson Medical-Surgical Inc. (the "Product Defendants") filed two (2) separate dispositive motions seeking the dismissal or summary judgment of ALL of the approximately 3,600 Plaintiffs' claims against them;

3. Both Motions were filed on January 24, 2012, and this Court issued a briefing schedule that set forth February 10, 2012, as the due date for both of Plaintiffs' Oppositions;

4. On February 6, 2012, Affiant, along with Artemus Ham, Esq. spoke with Max Corrick, Esq., local counsel for the Product Defendants and requested an extension to file the Oppositions. Mr. Corrick stated that he would pass the request "up the chain" to the Product Defendants' counsel "back East;"

5. On February 7, 2012, Affiant sent two electronic correspondences to Mr. Corrick inquiring about the status of the requested extension and to both correspondences Mr. Corrick indicated that he had not heard from counsel on the east coast and that he inform Affiant. *See* **Exhibit 1**, attached to the Motion;

## MEMORANDUM POINTS AND AUTHORITIES

Good cause exists to extend Plaintiffs' deadline to Oppose Defendants' Motion for Judgment on the Pleadings on Grounds of Federal Preemption and Defendants' Motion for Judgment on the Pleadings or in the Alternative, for Summary Judgment on State Law Grounds. The Product Defendants are seeking to dispose of all approximately 3,600 Plaintiffs' claims against them both (collectively) under impossibility preemption and (individually) according to various state law grounds attacking both the substance of the Plaintiffs' claims and their damages. Defendants' Motion for Judgment on the Pleadings is substantively 24 pages long and addresses whether any of Plaintiffs causes of action are viable in light of the United States Supreme Court's application of impossibility preemption to generic drug manufacturers in *PLIVA v. Mensing*, 131 S. CT. 2567 (2011). Defendants' Motion for Judgment on the Pleadings or, in the Alternative, for Summary Judgment on State Law Grounds is substantively 30 pages long and attacks each of Plaintiffs' causes of action and three elements of damages on various grounds. The issues addressed in the fifty-four (54) pages of briefing supporting the Motion is not basic first semester torts and second semester Constitutional law. The issues presented in both these motions are new, evolving, and groundbreaking.

While the simple number of motions at issue here – two (2) – does not seem to raise any immediate concern. However, it is undeniable that these motions could have an extraordinarily wide impact on the claims brought by these non-infected Plaintiffs. The breadth of potential of effect of the Product Defendants' Motions requires that counsel devote more than the "minimal" time required to fulfill the ethical and legal duties of a counselor at law. Plaintiffs' counsels' time investment is not simply self-serving because this Court will also benefit a

6. On February 8, 2012, Affiant, having not received word about the requested extension, sent another electronic correspondence to Mr. Corrick indicating that Affiant knew that the decision was in the hands of the counsel on the east coast but that, as a courtesy, Affiant was informing Mr. Corrick that a Motion seeking an extension would be filed if Mr. Corrick was unable to obtain an indication from the Product Defendants' east coast counsel;

7. Affiant attempted to confer with Mr. Corrick on several occasions as noted above in an effort to resolve this issue without need for this Court's intervention; however, at the time of filing, Affiant had not received indication from Mr. Corrick either assenting to or rejecting the requested extension;

8. To facilitate the appropriate diligence, thoroughness, and adequacy of briefing, Plaintiffs respectfully request that the due date for both Oppositions to the Product Defendants' Motions be moved to March 12, 2012.

9. That this Motion is made for a proper purpose and is not made to delay or harass.

FURTHER, AFFIANT SAYETH NAUGHT

_____
G. ASA GINAPP, ESQ.

SUBSCRIBED AND SWORN to before me
this 8th day of February, 2012.

_____
NOTARY PUBLIC in and for said
COUNTY and STATE



NOTARY PUBLIC
STATE OF NEVADA
County of Clark
KATHRYN D. HARDESTY
Appt. No. 92-0380-1
My Appt. Expires July 30, 2012

4

Memorandums of Points and Authorities that are more accurate, more refined, and deserving of this Court's consideration on such weighty issues.

To devote the appropriate amount of time and resources to this issue, Plaintiffs respectfully request that the deadline to file Oppositions to both Defendants' Motion for Judgment on the Pleadings on Grounds of Federal Preemption and Defendants' Motion for Judgment on the Pleadings or in the Alternative, for Summary Judgment on State Law Grounds to March 12, 2012.

Dated this 8th day of February, 2012.

EGLET WALL, LLP

ROBERT T. EGLET, ESQ.
Nevada Bar No. 3402
ROBERT M. ADAMS, ESQ.
Nevada Bar No. 6551
ARTEMUS W. HAM, ESQ.
Nevada Bar No. 7001
G. ASA GINAPP, ESQ.
Nevada Bar No. 8467
**EGLET WALL**
400 South Fourth Street, Suite 600
Las Vegas, NV 89101
(702) 450-5400
*Attorneys for Non-Infected Plaintiffs*

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**

**DATED: February 9, 2012**

## CERTIFICATE OF SERVICE

Pursuant to F.R.C.P. 5(b), I hereby certify that I am an employee of EGLET WALL and that on the ___8___ day of February, 2012, I caused the forgoing **MOTION FOR AN EXTENSION OF TIME TO FILE OPPOSITIONS ON ORDER SHORTENING TIME** to be served by depositing it for mailing, postage prepaid, at Las Vegas, Nevada, or via hand-delivery as indicated below addressed as follows:

James R. Olson, Esq.
Michael E. Stoberski, Esq.
Max E. Corrick, Esq.
Matthew C. Wolf, Esq.
OLSON CANNON GORMLEY & DESRUISSEAUX
9950 West Cheyenne Avenue
Las Vegas, NV 89129

David M. McDonald, Esq.
MCDONALD DEVIN, P.C.
3800 Renaissance Tower
1201 Elm Street
Dallas, TX 75270

Brent Schoel
SCHUERING ZIMMERMAN SCULLY & DOYLE
400 University Avenue
Sacramento, CA 95825

Christine M. Booze
ATKIN WINNER & SHERROD
117 S. Rancho Dr.
Las Vegas, NV 89102

_/s/ Mahaila Otto_
An employee of EGLET WALL

7

# EXHIBIT "1"

**Asa Ginapp <aginapp@egletwall.com>**  Wed, Feb 8, 2012 at 2:35 PM

G. Asa Ginapp, Esq.
EGLET WALL, LLP
400 S. Fourth Street, Ste. 600
Las Vegas, NV. 89101
702-450-5400
Fax: 702- 450-5451
aginapp@egletwall.com

Begin forwarded message:

> **From:** "Asa Ginapp" <aginapp@egletwall.com>
> **Date:** February 8, 2012 9:28:04 AM PST
> **To:** "Max Corrick" <mcorrick@ocgd.com>
> **Subject: Re: Any word**
>
> Max,
>
> I know that your hands are tied in this regard and just to give you a heads up, but if you haven't heard from back East by noon, I'll have to file an emergency motion to extend time to Oppose the Non-Infected Motions. Otherwise, I hope your morning is going well.
>
> Thanks,
>
> G. Asa Ginapp, Esq.
> EGLET WALL, LLP
> 400 S. Fourth Street, Ste. 600
> Las Vegas, NV. 89101
> 702-450-5400
> Fax: 702- 450-5451
> aginapp@egletwall.com
>
> On Feb 7, 2012, at 4:36 PM, "Max Corrick" <mcorrick@ocgd.com> wrote:
>
>> I've made another request and still nothing. I hope to hear something
>>
>> tonight. I'll let you know as soon as I hear.
>>
>>
>> -----Original Message-----
>>
>> From: Asa Ginapp [mailto:aginapp@egletwall.com]

Sent: Tuesday, February 07, 2012 4:35 PM

To: Max Corrick

Subject: Re: Any word


So, I'm assuming, still no word?


G. Asa Ginapp, Esq.

EGLET WALL, LLP

400 S. Fourth Street, Ste. 600

Las Vegas, NV. 89101

702-450-5400

Fax: 702- 450-5451

aginapp@egletwall.com


On Feb 7, 2012, at 10:47 AM, "Max Corrick" <mcorrick@ocgd.com> wrote:

> I passed the note on yesterday right after our call but I haven't
> heard anything back. As soon as I do I will let you know.
>
> -----Original Message-----
> From: Asa Ginapp [mailto:aginapp@egletwall.com]
> Sent: Tuesday, February 07, 2012 10:34 AM
> To: Max Corrick
> Subject: Any word
>
> On the non-infected Opps?
>
> G. Asa Ginapp, Esq.
> EGLET WALL, LLP
> 400 S. Fourth Street, Ste. 600
> Las Vegas, NV. 89101

702-450-5400

Fax: 702- 450-5451

aginapp@egletwall.com