1

2

3

4

5

6

7

8

9

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

10

11

12

13

14

15

16

| | |
|---|---|
| VICTOR DUNN, *et al.*, | Case No.: 2:11-cv-00560-RLH-PAL |
| Plaintiffs, | **O R D E R** |
| vs. | (Motion for Leave to File Third Amended Complaint–#115; |
| ENDOSCOPY CENTER OF SOUTHERN NEVADA, *et al.*, | Renewed Motion to Remand–#114; Motion for Leave to File Sur-Reply–#126) |
| Defendants. | |

17

18

19

Before the Court is Plaintiffs' **Motion for Leave to File a Third Amended Complaint** (#115, filed Mar. 28, 2012). The Court has also considered Defendants' Opposition (#121, filed Apr. 16), and Plaintiffs' Reply (#123, filed Apr. 26).

20

21

22

Also before the Court is Plaintiffs' **Renewed Motion to Remand** (#114, filed Mar. 28). The Court has also considered Defendants Opposition (#122, filed Apr. 16), and Plaintiffs' Reply (#124, filed Apr. 26).

23

24

Additionally before the Court is Defendants' **Motion for Leave to File Sur-Reply** (#126, filed May 23). Plaintiffs did not file an opposition.

25

///

26

///

**BACKGROUND**

This consolidated action arises out of the alleged misuse of syringes and Propofol vials at the Endoscopy Center of Southern Nevada and at Desert Shadow Endoscopy Center (collectively, the "Endoscopy Centers"). The details of the case are set forth in the Court's Order denying Plaintiffs' Motion to Remand to State Court (#89). Since that Order, on March 2, 2012, this Court dismissed claims against any and all Product Defendants (#112, filed Mar. 2, 2012). For the reasons discussed below, the Court denies Plaintiffs' Motion for Leave to File Third Amended Complaint, denies Plaintiffs' Renewed Motion to Remand, and denies Defendants' Motion for Leave to File Sur-Reply.

**DISCUSSION**

**I.    Scope of the Bankruptcy Stay**

Before the Court considers Plaintiffs' Motion to Amend, the Court must decide whether the addition of certain physicians as Defendants violates a bankruptcy stay entered in a related bankruptcy case before the United States Bankruptcy Court for the District of Nevada. The bankruptcy stay bars all actions against "Insured Debtors," which the bankruptcy court clarified as being, among others, "physicians acting in their capacity as owners and/or operators of the [Endoscopy] Centers." (Dkt. #115, Enforcement Order, Ex. 4.) The bankruptcy stay, however, does not bar actions against physicians acting in their capacity as treating physicians. (Id.) Plaintiffs seek to add various physicians as Defendants. Defendants argue that inclusion of these physicians would violate the bankruptcy stay. However, the bankruptcy stay does not bar an action against these physicians because the Plaintiffs seek to add them in their capacities as treating physicians. Therefore, the Court concludes that the addition of these physicians as Defendants would not violate the stay.

**II.    Plaintiffs' Motion for Leave to File Third Amended Complaint (#115)**

"Unless otherwise permitted by the Court, the moving party shall attach the proposed amended pleading to any motion to amend, so that it will be complete in itself without

1  reference to the superseding pleading."  Local Rule 15-1.  Plaintiffs' attached proposed amended

2  pleading is not complete in itself because it is merely an editing draft, riddled with cross-outs and

3  edits.  The Court will not permit Plaintiffs to file the proposed amendment (Dkt. #115, Ex. 4) in

4  this unfinished form.  Accordingly, the Court denies Plaintiffs' Motion for Leave to File Third

5  Amended Complaint for violation of Local Rule 15-1.

6  **III.    Plaintiffs' Renewed Motion to Remand (#114)**

7        **A.    Legal Standard**

8        Plaintiffs contend that this Court no longer has subject matter jurisdiction under the

9  Class Action Fairness Act ("CAFA") because minimal diversity was and/or will be lost due to post-

10  removal changes in diversity status.  When reviewing a motion to remand, the district court

11  analyzes jurisdiction "on the basis of the pleadings filed at the time of removal without reference to

12  subsequent amendments."  *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.,* 159 F.3d

13  1209, 1213 (9th Cir.1998) (citation omitted).  If a defendant has improperly removed a case over

14  which the district court lacks subject matter jurisdiction, the district court shall remand the case to

15  the state court.  28 U.S.C. § 1447(c); *see also Durham v. Lockheed Martin Corp.,* 445 F.3d 1247,

16  1252 (9th Cir. 2006) (noting that a district court resolves all ambiguity in favor of remand).

17  However, a district court lacks discretion to remand a case to the state court if the case was properly

18  removed.  *Carpenters S. Cal. Admin. Corp. v. Majestic Hous.,* 743 F.2d 1341, 1343 (9th Cir. 1984)

19  *abrogated on other grounds by S. California IBEW–NECA Trust Funds v. Standard Indus. Elec.*

20  *Co.,* 247 F.3d 920, 924 (9th Cir. 2001); *see also Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343,

21  356 (1988).

22        **B.    Analysis**

23        CAFA vests federal courts with jurisdiction over "'class action' lawsuits where the

24  aggregate number of members of all proposed plaintiff classes is 100 or more persons," and where:

25  (1) the aggregate amount in controversy exceeds $5,000,000, and (2) any class member is a citizen

26  of a state different from any defendant.  28 U.S.C. § 1332(d).  Thus, minimal diversity suffices

3

1   under CAFA; complete diversity is not required.  *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018 (9th

2   Cir. 2007).  When the Federal Court has jurisdiction under CAFA, "post-filing developments do

3   not defeat jurisdiction if jurisdiction was properly invoked as of the time of filing."  *United Steel,*

4   *Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO,*

5   *CLC v. Shell Oil Co.*, 602 F.3d 1087, 1091-92 (9th Cir. 2010).

6            Plaintiffs argue that the post-removal addition of physicians as defendants and the

7   dismissal of other defendants have changed the parties' diversity such that this Courts' subject

8   matter jurisdiction is now destroyed.  However, post-removal changes in parties' diversity do not

9   destroy subject matter jurisdiction because post-filing changes to diversity status are irrelevant in

10  determining subject matter jurisdiction under CAFA.  *United Steel*, 602 F.3d at 1091-92.  Further,

11  Plaintiffs do not contend that this case was improperly removed; therefore, this Court has no cause

12  to question whether it originally had jurisdiction.  Thus, this Court lacks discretion to remand the

13  case to State Court because this case was properly removed, *Carpenters*, 743 F.2d at 1343, and

14  because post-filing changes in diversity do not destroy CAFA jurisdiction, *United* Steel, 602 F.3d

15  at 1091-92. Therefore, this Court retains jurisdiction over this case and denies Plaintiffs' Renewed

16  Motion to Remand.

17  **IV.    Defendants' Motion for Leave to File Sur-Reply**

18           Since the Court has decided Plaintiffs' Renewed Motion to Remand without regard

19  to Plaintiffs' Federal Rule of Civil Procedure 60(b)(6) argument or their supplemental jurisdiction

20  argument, the Court finds any sur-reply unnecessary and denies the motion.

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

AO 72
(Rev. 8/82)

**CONCLUSION**

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Plaintiffs' Motion for Leave to File Third Amended Complaint (#115) is DENIED.

IT IS FURTHER ORDERED that Plaintiffs' Renewed Motion to Remand (#114) is DENIED.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Leave to File Sur-Reply (#126) is DENIED.

Dated: June 19, 2012.

_____
**ROGER L. HUNT**
**United States District Judge**

AO 72
(Rev. 8/82)